PATTILLO *et al.*, executors, *v.* SUDDERTH *et al.*

GILBERT, J. Under the pleadings and the evidence a verdict for the plaintiffs was not required, and the court erred in directing a verdict in their favor.        *Judgment reversed. All the Justices concur.*

No. 5525. JANUARY 11, 1927.

Equitable petition. Before Judge Stark. Gwinnett superior court. June 7, 1926.

L. N. Sudderth et al. brought suit against L. P. Pattillo et al., executors of the estate of J. E. Sudderth, deceased, alleging that J. E. Sudderth during his lifetime made and executed a contract with petitioners, whereby J. E. Sudderth agreed that, in consideration of petitioners living in his house with him and taking care of him in a specified manner during his life, at his death his executors should convey described land to petitioners; that prior to his death J. E. Sudderth demanded possession of the house and caused petitioners to remove therefrom; that petitioners carried out their contract until they were dismissed; that they stood ready and willing to carry out their contract as provided therein, but were not permitted to do so by J. E. Sudderth. The suit was to recover the land. The answer of the defendants alleged, in the main, that for lack of information they could neither admit nor deny the material parts of the petition; that about 23 months after the contract referred to in the petition was entered into, according to defendants' information, L. N. Sudderth and his wife ceased to fulfill their agreement, moved out of J. E. Sudderth's house, and thereafter did not perform the said contract.

---

Trial, 38 Cyc. p. 1568, n. 98.

The court directed a verdict for the plaintiffs. The defendants moved for a new trial, upon the overruling of which they excepted. The motion for new trial complains that the verdict is not supported by evidence and complains specifically of the direction of a verdict, insisting that under the evidence there were disputed issues of fact. One clause of the contract provided: "All of the above conditions the parties of the second part agree to faithfully perform during the life of the said J. E. Sudderth, party of the first part, and upon their failure to do so this contract is to be null and void and of no effect whatsoever, and the said party of the first part shall be released from all obligations." The contract was proved without conflict of evidence. It was also shown without conflict that J. E. Sudderth caused to be delivered to petitioners the following notice: "Buford, Ga., Nov. 3rd, 1920. L. N. and Ida Sudderth: I shall want possession of my home place not later than January 3rd, 1921. [Signed] Joseph E. Sudderth." The plaintiffs' evidence showed that this note was delivered to L. N. Sudderth, and that he said to J. E. Sudderth: "I am ready to fill my contract;" that J. E. Sudderth told him that he had not filled it; and that both seemed "to be mad." The evidence showed also without conflict that L. N. Sudderth remained in the house with J. E. Sudderth 23 months, and that the latter remained in life about four years after the former left him, having procured another person to take the place of L. N. Sudderth and his wife.

*I. L. Oakes,* for plaintiffs in error.

*A. C. Wheeler* and *O. A. Nix,* contra.